UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AIMEE CONDAYAN, an individual,<br><br>      Plaintiff,<br><br>    - against -<br><br>JENNIFER MATHIEU, an individual, ROARING BROOK PRESS, a New York corporation, MACMILLAN PUBLISHERS, a New York company, SARAH LAPOLLA, an individual, BRADFORD LITERARY AGENCY, INC., HOLTZBRINCK PUBLISHING HOLDINGS LIMITED PARTNERSHIP, a German Company, and DOES 1 to 50,<br><br>      Defendants. | **ORDER**<br><br>20 Civ. 5596 (PGG) |

PAUL G. GARDEPHE, U.S.D.J.:

    The telephone conference scheduled for February 4, 2021, at 9:30 a.m. is adjourned sine die, and the order setting a briefing schedule for Defendant LaPolla's motion to dismiss and for an award of costs and attorney's fees (Dkt. No. 40) is vacated.

    The Court requires briefing concerning the issue of whether Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure permits Plaintiff to file a second notice of voluntary dismissal as to Defendant LaPolla's claims, and to obtain a dismissal of those claims without prejudice. Assuming arguendo that the claims that are the subject of the second notice of voluntary dismissal may be dismissed without prejudice, the parties must address whether such a dismissal renders moot Defendant LaPolla's motion to dismiss and for an award of costs and attorney's fees.

    The relevant procedural history is as follows: The Complaint was filed on July 20, 2020. (Dkt. No. 1) As to Defendant LaPolla, the Complaint pleads claims of: (1) copyright

infringement; (2) breach of implied-in-fact contract; (3) breach of confidential relationship; (4) misappropriation; and (5) vicarious and/or contributory copyright infringement.  (Id.)  LaPolla sought permission to move to dismiss.  (Dkt. No. 28)  Accordingly, on November 11, 2020, the Court issued an order setting a briefing schedule for Defendant LaPolla's motion.  (Dkt. No. 36)  On December 2, 2020, that schedule was amended such that Defendant LaPolla's motion was due on December 17, 2020; Plaintiff's opposition papers were due on January 28, 2021; and Defendant's reply was due on February 4, 2021.  (Dkt. No. 40)

On December 7, 2020, Plaintiff filed a notice of voluntary dismissal as to her copyright infringement and vicarious and/or contributory copyright infringement claims against Defendant LaPolla.  (Dkt. No. 41)  Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), the notice of voluntary dismissal provides for a dismissal of these claims without prejudice.  (Id.)  The Court "so ordered" the notice of voluntary dismissal on December 9, 2020.  (Dkt. No. 42)

On January 22, 2021, Plaintiff filed another notice of voluntary dismissal as to her remaining claims against Defendant LaPolla.  (Dkt. No. 48)  This notice provides that LaPolla is "to be dismissed from the entire case without prejudice," pursuant to Rule 41(a)(1)(A)(i).  (Id.)

That same day – January 22, 2021 – Defendant LaPolla filed a letter asking the Court to hear her motion to dismiss, which includes an application for an award of costs and attorneys' fees.  (Dkt. No. 49)  On January 25, 2021, Plaintiff filed a letter opposing Defendant's application.  (Dkt. No. 50)

On January 27, 2021, Plaintiff and Defendant LaPolla filed a joint request to adjourn the briefing schedule concerning Defendant LaPolla's motion to dismiss, such that Plaintiff's opposition papers would be due by February 11, 2021, and LaPolla's reply would be due by February 18, 2021.  (Dkt. No. 51)  This Court granted that request on January 29, 2021.

(Dkt. No. 52)  That same day, the Court scheduled a telephone conference for February 4, 2021. (Dkt. No. 53)

Plaintiff's seriatim notices of voluntary dismissal raise a legal issue as to whether dismissal of the claims referenced in the second notice may be dismissed without prejudice. Were this Court to conclude that such a dismissal is appropriate, however, there is case law suggesting that Defendant LaPolla's motion to dismiss and for sanctions would be moot.  See, e.g., LeFevre v. Fishers Island Ferry Dist., No. 3:17-CV-01065 (VAB), 2018 WL 3025039, at *2 (D. Conn. June 18, 2018) ("When a party voluntarily dismisses a defendant from a suit, that defendant's pending motions become moot and may be dismissed."); see also Champions League, Inc. v. Big3 Basketball, LLC, No. 17-CV-7389 (LTS) (KHP), 2018 WL 5619973, at *3 (S.D.N.Y. Sept. 17, 2018), report and recommendation adopted, No. 17 CV 7389-LTS-KHP, 2019 WL 293305 (S.D.N.Y. Jan. 23, 2019) ("A motion to dismiss made pursuant to Rule 12(b)(6) 'does not terminate the right of dismissal by notice' under Rule 41(a)." (citation omitted)); id. at *5 ("Similarly, there is no basis for issuance of sanctions. Defendants never filed a formal motion for sanctions under Rule 11 prior to Plaintiffs' notice of voluntary dismissal. Nor have they filed (or could they file) one now.").

Briefing concerning these issues will proceed as follows:

1. Plaintiff's papers are due by **February 12, 2021**;

2. Defendant LaPolla's papers are due by **February 19, 2021**; and

3. Plaintiff's reply, if any, is due by **February 26, 2021**.

Dated: New York, New York
       February 3, 2021

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge